Curia, per

Earle, J.
The co-partnership of the defendants having been dissolved before the making of the note in question, and notice having- reached the plaintiff, neither of them could bind the other by signing the partnership name, without express authority. It does not vary the case at all, that the note sued on was a renewal of one endorsed and discounted before the dissolution. It is well settled that each renewal is a new contract. If Lefevre himself could not bind Galliott, by signing the partnership name, it would be very strange if a third person, although the wife of one of them, could do it without authority from either. The revocation of all that she had previously done, was complete by the act of dissolution, and there is no proof of any given to her after-wards, either by Galliott or Lefevre. The plaintiff, therefore cannot recover on the note. It is equally clear that he cannot recover on the money counts. To say that a note discounted by the maker, is evidence of money lent to the endorser, is a novelty. Such a proposition is opposed to the common usage and general experience of men, and the defendants could only be charged upon clear and explicit proof, that in fact, the note was discounted for their benefit, and that they received the money. Motion granted.
The whole Court concurred.